**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 10-20214

DARYL STEELE,

    Defendant.

                                               /

**ORDER DENYING DEFENDANT'S "MOTION FOR BOND PENDING
DETERMINATION OF SUPERVISED RELEASE VIOLATION"**

Before the court is Defendant Daryl Steele's motion for release pending a hearing on a supervised release violation. The Government filed a response on December 2, 2011, and the court held a hearing on December 5, 2011. For the reasons stated herein and on the record, the court will deny Defendant's motion.

Federal Rule of Criminal Procedure 32.1(a)(6) governs release pending a hearing on a violation of probation or supervised release. *See* Fed. R. Crim. P. 46(d). Rule 32.1(a)(6) states that a judicial officer "may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." Fed. R. Crim. P. 32.1(a)(6). Section 3143 provides, in relevant part, that

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, *unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community* if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added). Rule 32.1 reinforces § 3143(a)(1)'s requirement that a detained individual bears the burden of proof, stating that he must establish "by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community." Here, Defendant's counsel argued—in her motion and during the hearing—that her client suffers from psychological and mental impairments and that "it is especially inhumane to incarcerate [him] pending resolution of his criminal cases." (Def.'s Mot. 2.) Counsel's argument, however, failed to meet the high burden of showing by clear and convincing evidence that he will not flee or pose a danger to the community. Accordingly,

IT IS ORDERED that Defendant Daryl Steele's "Motion for Bond Pending Determination of Supervised Release Violation" [Dkt. # 8] is DENIED.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: December 12, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 12, 2011, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522